United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-33500 |
| **TRESHUN TRINELLE DAVIS,** § | |
| § | |
| Debtor. § | |
| § | |
| § | **CHAPTER 13** |

## MEMORANDUM OPINION

The instant matter is the second before this Court involving Auto Recovery Partners, LLC as an alleged bankruptcy preparer in violation of 11 U.S.C. § 110. As in *In re Flores*,[1] this Court issues this Memorandum Opinion to deter Auto Recovery Partners, LLC and all other undisclosed bankruptcy petition preparers from preying on vulnerable debtors. In this case, the danger of a bankruptcy petition preparer offering legal advice is particularly apparent. Not only did Auto Recovery Partners, LLC recklessly advise Treshun Davis to file chapter 13 without any understanding of the implications, but they were still unable to recover Davis's car. The fact that Auto Recovery Partners, LLC encouraged Davis to file bankruptcy to recover his vehicle without first checking who's name the car was registered to, shows the severe threat that those unqualified to practice law pose to potential debtors.

On May 22, 2023, the Court sua sponte ordered Auto Recovery Partners, LLC to show cause as to how it has not: (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern

---

[1] *In re Flores*, No. 23-70007, 2023 Bankr. LEXIS 1766 (Bankr. S.D. Tex. 2023).

District of Texas; and (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code.[2]  On June 26, 2023, this Court held a show cause hearing.[3]

For the reasons set forth below, the Court finds that Auto Recovery Partners, LLC has violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2).  Thus, Auto Recovery Partners, LLC is enjoined from: (i) giving, providing, or offering advice and counsel to any person regarding their eligibility to file bankruptcy or the consequences to them of filing a bankruptcy case under Title 11 of the United States Code; (ii) encouraging, counseling, advising or assisting any person with filing a bankruptcy case under Title 11 of the United States Code; and (iii) from engaging in the unauthorized practice of law, as defined in §§ 81.101 and 81.102 Tex. Govt. Code Ann.  The fees obtained by Auto Recovery Partners, LLC are forfeited and Auto Recovery Partners, LLC must, on or before August 19, 2023, reimburse Treshun Trinelle Davis $500.00 in good and sufficient funds.  Finally, Auto Recovery Partners, LLC is fined $7,500.00 and must, on or before August 19, 2023, remit such payment to the United States Trustee.

### FINDINGS OF FACT

**A. Background**

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

---

[2] ECF No. 32.
[3] ECF No. 38.

The present controversy began on February 22, 2023, when Debtor Alvaro Flores, Jr. appeared in another bankruptcy case (Case No. 23-70007) and advised the Court that he received assistance in filing his chapter 13 petition from an undisclosed bankruptcy petition preparer.[4] Alvaro Flores, Jr. later revealed that Auto Recovery Partners, LLC was the organization that assisted him.[5] Subsequently, the Court ordered Auto Recovery Partners, LLC to disclose all individuals it aided in filing bankruptcy petitions in the Southern District of Texas.[6] Debtor Treshun Trinelle Davis ("*Debtor*" or "*Davis*") was listed as one of the individuals who received assistance from Auto Recovery Partners, LLC.[7]

Previously, Davis's bankruptcy case had been dismissed on February 7, 2023, for failure to appear.[8] As a result of Auto Recovery Partners, LLC's disclosure, the Court re-opened Davis's case on May 22, 2023.[9] On the same day, the Court ordered Auto Recovery Partners, LLC to show cause as to how it has not: (i) engaged in the unauthorized practice of law; (ii) violated the Federal Rules of Bankruptcy Procedure, including but not limited to, Bankruptcy Rule 9010; (iii) violated Bankruptcy Local Rules promulgated by the United States Bankruptcy Court for the Southern District of Texas; and (iv) violated the laws of the Texas, as found in chapter 81 of the Texas Government Code.[10] Marcella Parker ("*Parker*") appeared at the hearing on behalf of Auto Recovery Partners, LLC on June 26, 2023 ("*Show Cause Hearing*").[11]

## I.   CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

---

[4] Bankr. Case No. 23-7007 at ECF No. 25.
[5] Bankr. Case No. 23-7007 at ECF No. 32.
[6] Bankr. Case No. 23-7007 at ECF No. 65.
[7] Bankr. Case No. 23-7007 at ECF No. 82.
[8] ECF No. 26.
[9] ECF No. 31.
[10] ECF No. 32.
[11] ECF No. 38.

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[12] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), this proceeding involves primarily core matters as it "concern[s] the administration of the estate."[13] Furthermore, this Court may only hear a case in which venue is proper.[14] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's main chapter 13 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

**B. Constitutional Authority to Enter a Final Order**

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[15] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[16] The parties have engaged

---

[12] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[13] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").
[14] 28 U.S.C. § 1408.
[15] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).
[16] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. 655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be

in litigation in front of this Court, including numerous hearings and motions practice. None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

## II. ANALYSIS

### A. Whether Auto Recovery Partners, LLC is a bankruptcy petition preparer under § 110

Section 110 was enacted to protect consumers from abuses by non-lawyer petition preparers.[17] "Bankruptcy petition preparer" is defined in § 110 of the Bankruptcy Code as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with his bankruptcy case.[18] Notably, § 101(41) defines a "person" to include a corporation.[19] "Document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under [Title 11]."[20]

In this case, Davis did not appear at the Show Cause Hearing.[21] However, Parker appeared on behalf of Auto Recovery Partners, LLC and was questioned about Davis's involvement with Auto Recovery Partners, LLC.[22] Parker testified that she created Auto Recovery Partners, LLC to consult individuals on how to recover their vehicles from creditors after repossession.[23] Parker

---

expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").
[17] *See generally In re Murray*, 194 B.R. 651 (Bankr. D. Ariz. 1996); *In re Gavin*, 181 B.R. 814 (Bankr. E.D. Pa. 1995).
[18] 11 U.S.C. § 110(a)(1).
[19] 11 U.S.C. § 101(41).
[20] 11 U.S.C. § 110(a)(2).
[21] ECF No. 38.
[22] *Id.*
[23] *Id.* at 2:40:00-2:42:00.

further testified that Davis contacted Auto Recovery Partners, LLC in an attempt to recover his vehicle after it had been repossessed.[24]

Also admitted into evidence was a copy of an agreement (the "*Agreement*") executed between Davis and Auto Recovery Partners, LLC on November 22, 2022.[25] In the Agreement, it provides in relevant part that Auto Recovery Partners, LLC "will evaluate the options and offer consultations for one or more of the following: Bankruptcy, traditional negotiations with your lender and/or leveraged negotiations."[26] Notably, neither Parker nor anyone else employed by Auto Recovery Partners, LLC is a licensed attorney.[27] Despite this, Parker conceded at the Show Cause Hearing that bankruptcy consultation was one of the services provided by Auto Recovery Partners, LLC in the Agreement.[28]

The Agreement further provided that, for these services, Davis will pay $1,200 to Auto Recovery Partners, LLC which includes a non-refundable $500 consultation fee and $150 non-refundable certified forensic loan audit charge.[29] Confusingly, Parker testified that Auto Recovery Partners, LLC has never actually provided a certified forensic loan audit but these terms were merely included in the Agreement as part of a "general template."[30] Nonetheless, Parker testified that Davis paid Auto Recovery Partners, LLC $500 for the non-refundable consultation fee.[31] The remaining $700 of the $1200 fee was not collected.[32]

After Davis paid the $500 consultation fee, Auto Recovery Partners, LLC determined that they would be unable to recover Davis's vehicle through negotiation with the lender and

---

[24] *Id.* at 2:41:30-2:42:30.
[25] ECF No. 37-8 at 4.
[26] *Id.*
[27] *Id.*
[28] ECF No. 38 at 2:47:15-2:48:00.
[29] ECF No. 37-8 at 4.
[30] ECF No. 38 at 2:49:00-2:51:00.
[31] *Id.* at 2:50:00-2:51:15.
[32] *Id.*

recommended bankruptcy as an alternative option.[33] Auto Recovery Partners, LLC then emailed Davis a list of instructions to file bankruptcy.[34] Parker testified that she discovered these instructions online and had no personal knowledge as to the implications of filing chapter 13 or what paying the filing fee in installments meant.[35] On November 28, 2022, Davis filed the instant bankruptcy case.[36] However, despite filing bankruptcy, Davis was still unable to recover his car because it was not titled in his name.[37]

Here, Auto Recovery Partners, LLC is a "person" other than Davis who prepared Davis's chapter 13 petition for compensation. First, the definition of "person" includes a corporation and thus Auto Recovery Partners, LLC may be a considered a "person" despite being a registered LLC.[38] Furthermore, Auto Recovery Partners, LLC prepared Davis's chapter 13 petition. While Auto Recovery Partners, LLC did not physically fill out the chapter 13 petition, numerous courts across the country have found that this omission is not controlling.[39] In *In re Flores*, this Court explained that "preparation" of a document under §110(a)(1) includes both the physical preparation and the dictation or the determination of the information to be placed on the document.[40] In the instant matter, Auto Recovery Partners, LLC clearly assisted Davis in the determination of the information to be placed in the chapter 13 petition. After presenting with the suggestion to file bankruptcy, Auto Recovery Partners, LLC then forwarded a list of instructions

---

[33] *Id.* at 2:55:00-2:57:00.
[34] *Id.* at 3:00:00-3:03:00.
[35] *Id.*
[36] ECF No. 1.
[37] ECF No. 38 at 3:00:00-3:03:00.
[38] 11 U.S.C. § 101(41).
[39] *See e.g. In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004) (holding that "preparation" of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the "preparer"); *In re Springs*, 358 B.R. 236, 241 n. 4 (Bankr. M.D.N.C. 2006) (holding that an individual acted as a "bankruptcy petition preparer" for a Chapter 7 debtor even though he did not himself type the debtor's petition and other bankruptcy documents); *In re Thomas,* 315 B.R. 697, 703 (Bankr. N.D. Ohio 2004) (finding that physically filling out the forms was not necessary to constitute a bankruptcy petition preparer).
[40] *In re Flores*, No. 23-70007, 2023 Bankr. LEXIS 1766.

for filing bankruptcy.[41] These instructions specifically provided that Davis should select chapter 13 and how Davis could apply to pay the filing fee in installments.[42] Therefore, even though a representative of Auto Recovery Partners, LLC did not physically fill out the forms, Auto Recovery Partners, LLC's conduct still constitutes "preparing" the chapter 13 petition under §110(a)(1). Finally, in exchange for preparing Davis's chapter 13 petition, Auto Recovery Partners, LLC received a fee of $500. Thus, it is clear that Auto Recovery Partners, LLC is a "person" other than Davis who prepared Davis's chapter 13 petition for compensation.

Accordingly, Auto Recovery Partners, LLC is a bankruptcy petition preparer as defined in 11 U.S.C. §110(a)(1).

**B. Auto Recovery Partners, LLC's violations of § 110**

Section 110 imposes numerous restrictions on the activities of bankruptcy petition preparers and authorizes the imposition of sanctions for specific violations of the statute.[43] As detailed below, Auto Recovery Partners, LLC has violated 11 U.S.C. § 110(b), (c), (e) and (h). The Court will discuss each in turn.

   **1. 11 U.S.C. § 110(b)**

In relevant part, § 110(b) provides that:

> (1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. If a bankruptcy petition preparer is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer shall be required to –
>  (A) sign the document for filing
>  (B) print on the document the name and address of that officer, principal, responsible person or partner.
> (2) (A) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial

---

[41] ECF No. 38 at 3:00:00-3:03:00.
[42] *Id.*
[43] 11 U.S.C. § 110.

> Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure….

As discussed above, this Court has already found that Auto Recovery Partners, LLC served as a bankruptcy petition preparer in Davis's pending chapter 13 case. Despite being a bankruptcy petition preparer, an officer, principal, responsible person, or partner of Auto Recovery Partners, LLC did not sign the chapter 13 petition.[44] Furthermore, an officer, principal, responsible person, or partner of Auto Recovery Partners, LLC also failed to print on the document the name and address of that officer, principal, responsible person or partner.[45] Thus, Auto Recovery Partners, LLC violated § 110(b)(1).

Additionally, at the Show Cause Hearing, Auto Recovery Partners, LLC provided no evidence that before preparing Davis's chapter 13 petition or accepting $500 in fees, it provided Davis with written notice on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure. Thus, Auto Recovery Partners, LLC also violated § 110(b)(2).

Accordingly, Auto Recovery Partners, LLC violated § 110(b)(1) and § 110(b)(2).

2. **11 U.S.C. § 110(c)**

In relevant part, § 110(c) provides that:

> (1) a bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

On Davis's chapter 13 petition, Auto Recovery Partners, LLC failed to include an identifying number that identifies individuals who prepared the document.[46]

Accordingly, Auto Recovery Partners, LLC violated § 110(c)(1).

---

[44] ECF No. 1.
[45] *Id.*
[46] *Id.*

3. **11 U.S.C. § 110(e)**

In relevant part, § 110(e) provides that:

(2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
  (B) The legal advice referred to in Subparagraph (A) includes advising the debtor –
    (i) whether –
      (I) to file a petition under this title; or
      (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
    (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title
    (vii) concerning bankruptcy procedures and rights.

At the Show Cause Hearing, Parker testified that a representative of Auto Recovery Partners, LLC advised Davis that they would be unable to recover Davis's vehicle through negotiation with the lender and recommended bankruptcy as an alternative option.[47] Auto Recovery Partners, LLC then emailed Davis a list of instructions to file chapter 13 bankruptcy in particular.[48] Section 110(e)(2)(B)(i)(I)&(II) expressly prohibits a bankruptcy petition preparer from providing legal advice as to whether to file a petition or which title the debtor should chose.[49] Furthermore, Parker also admitted that Auto recovery Partners, LLC advised Davis to file bankruptcy as a means of getting his car back from re-possession.[50] This conduct is expressly prohibited by § 110(e)(2)(B)(iii).[51] Finally, Auto Recovery Partners, LLC's instructions also explained how to file an application to pay the filing fee in installments.[52] This violates § 110(e)(2)(B)(vii). Thus, the Court finds that Auto Recovery Partners, LLC improperly offered Davis legal advice.

---

[47] ECF No. 38 at 2:55:00-2:57:00.
[48] *Id.* at 3:00:00-3:03:00.
[49] 11 U.S.C. § 110(e) (2)(B)(i)(I)&(II).
[50] ECF No. 38 at 2:55:00-2:57:00.
[51] 11 U.S.C. § 110(e) (2)(B)(iii).
[52] ECF No. 37-8 at 3:00:00-3:03:00.

In this case, the danger of a bankruptcy petition preparer offering legal advice is particularly apparent. Not only did Auto Recovery Partners, LLC recklessly advise Davis to file chapter 13 without any understanding of the implications, but they were still unable to recover Davis's car. The fact that Auto Recovery Partners, LLC encouraged Davis to file bankruptcy to recover his vehicle without first checking who's name the car was registered to, shows the danger that those unqualified to practice law may have on debtors.

Accordingly, Auto Recovery Partners, LLC violated § 110(e)(2)(A).

### 4. 11 U.S.C. § 110(h)

In relevant part, § 110(h) provides that:

> (2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

Auto Recovery Partners, LLC received a fee of $500 from Davis in exchange for its counsel in filing the chapter 13 petition.[53] Despite receiving this fee, Auto Recovery Partners, LLC failed to file a declaration disclosing receipt of this fee in connection with Davis's chapter 13 petition.

Accordingly, Auto Recovery Partners, LLC violated § 110(h)(2).

### C. Sanctions of Auto Recovery Partners, LLC for violations of § 110

### 1. 11 U.S.C. § 110(j)

The bankruptcy court may enjoin a preparer from engaging in specific conduct or may completely enjoin it from acting as a bankruptcy petition preparer.[54] If the court finds that the

---

[53] 11 U.S.C. § 110(e) (2)(B)(vii).
[54] 11 U.S.C. § 110(j)(2)(A), (B); *In re Abel*, Nos. 19-10010, 19-01003, 2019 Bankr. LEXIS 3129, at *24 (Bankr. D. Vt. 2019).

bankruptcy petition preparer (i) violated section 110 or any other provision of the Bankruptcy Code, (ii) misrepresented its experience or education, or (iii) "engaged in any other fraudulent, unfair, or deceptive conduct," the court may enjoin it from engaging in such conduct.[55] In this case, the Court has determined that Auto Recovery Partners, LLC violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Thus, the Court finds it appropriate to enjoin Auto Recovery Partners, LLC from committing any further violations.

Accordingly, Auto Recovery Partners, LLC is enjoined from: (i) giving, providing, or offering advice and counsel to any person regarding their eligibility to file bankruptcy or the consequences to them of filing a bankruptcy case under Title 11 of the United States Code; (ii) encouraging, counseling, advising or assisting any person with filing a bankruptcy case under Title 11 of the United States Code; and (iii) from engaging in the unauthorized practice of law, as defined in §§ 81.101 and 81.102 Tex. Govt. Code Ann. in any of the Bankruptcy Courts of the Southern District of Texas.

### 2. 11 U.S.C. § 110(h)(3)(B)

Section 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection [(h)] or subsection (b), (c), (d), (e), (f), or (g)."[56] Here, the Court has determined that Auto Recovery Partners, LLC violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Furthermore, Auto Recovery Partners, LLC charged Davis $500.00 for the services resulting in these violations.[57]

---

[55] 11 U.S.C. § 110(j)(2)(A).
[56] *See* 11 U.S.C. § 110(h)(3)(B); *Harrington v. Maali (In re Ortega)*, 629 B.R. 529, 536 (B.A.P. 1st Cir. 2021); *In re Cash*, No. 12-30424-SGJ-13, 2013 Bankr. LEXIS 1074, at *27 (Bankr. N.D. Tex. 2013) ("[A]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with section 110(b), (c), (d), (e), (f), (g) or (h)."); *McDow v. Skinner (In re Jay)*, 446 B.R. 227, 254 (Bankr. E.D. Va. 2010).
[57] ECF No. 37-8 at 4.

Accordingly, the fees obtained by Auto Recovery Partners, LLC are forfeited and Auto Recovery Partners, LLC must, on or before August 19, 2023, reimburse Treshun Trinelle Davis $500.00 in good and sufficient funds.

3. **11 U.S.C. § 110(l)**

Section 110(l)(1) states, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure."[58] Once again, the Court has previously determined that Auto Recovery Partners, LLC violated 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), (e)(2)(A) and (h)(2). Given that Auto Recovery Partners, LLC failed to disclose their involvement and recklessly guided Davis into bankruptcy without knowledge of the implications, the Court finds that it is appropriate to impose a fine of $500.00 for each violation, resulting in a total of $2,500.00.

Section 110(l)(2) further provides, "[t]he Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court find that a bankruptcy petition preparer ... prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."[59] Here, Auto Recovery Partners, LLC did not disclose its identity on Davis's chapter 13 petition.[60] Thus, the Court finds cause to triple the $2,500.00 fine for a total fine of $7,500.00.

Accordingly, Auto Recovery Partners, LLC is fined $7,500.00 and must, on or before August 19, 2023, remit such payment to the United States Trustee.

---

[58] 11 U.S.C. § 110(l)(1); *Hills v. McDermott (In re Wicker)*, 702 F.3d 874, 877 (6th Cir. 2012) ("Under § 110(l)(1), the bankruptcy court may order a bankruptcy petition preparer who does not comply with § 110(b) through (h) to pay a $500 fine for each violation."); *In re Torres*, No. 14-50122, 2015 Bankr. LEXIS 221, at *39 (Bankr. S.D. Tex. 2015) ([T]he Court may impose a fine against a petition preparer that fails to comply with any provision of 11 U.S.C. §§ 110(b), (c), (d), (e), (f), (g) or (h).").
[59] 11 U.S.C. § 110(l)(2)(D); *see In re Bennott*, No. 18-10346, 2019 Bankr. LEXIS 3037, at *16 (Bankr. D. Vt. 2019) (finding that fines must be tripled under 11 U.S.C. § 110(l)(2) where bankruptcy petition preparer failed to disclose involvement).
[60] ECF No. 1.

### III. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED July 19, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge